IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRAYLINE BAKER                                                                                     PLAINTIFF

v.                                           No. 5:21-CV-05013

OFFICER CHARLES BROCKMEYER,
Bella Vista Police Department ("BVPD"), et al.                                          DEFENDANTS

## ORDER

The Court has received a report and recommendation (Doc. 20) from Chief United States Magistrate Judge Erin L. Wiedemann. No objections have been filed and the deadline to file objections has passed.

The Magistrate recommends that the Court grant in part Defendants' motion (Doc. 12) to stay pending disposition of the criminal case proceeding against Plaintiff, on the basis of the *Younger* abstention doctrine. The findings and recommendations supporting this disposition appear to be proper.

The Magistrate further recommends denying the stay with respect to invasion of privacy claims against Separate Defendants Brockmeyer and Skaggs. The invasion of privacy claims are premised on Plaintiff's allegations that after he was arrested, rendered unconscious, and taken to the hospital, Brockmeyer transported Plaintiff from the hospital to Benton County Detention Center, where Skaggs accepted Plaintiff into custody and Brockmeyer stripped Plaintiff from his clothes and dressed him in a jump-suit, all while Plaintiff was still unconscious. The Magistrate recommends these claims should be severed from the others and the invasion of privacy claims against Brockmeyer and Skaggs should be allowed to proceed. The Magistrate cites *Bell v. Wolfish*, 441 U.S. 520, 558–59 (1979), a case in which the Supreme Court explained that numerous restrictions, loss of freedom of choice, and loss of privacy for pretrial detainees are "inherent

incidents of confinement" and are permissible so long as they do not rise to the level of punishment. The Court rejects the report and recommendation on this point.

Following the case law that nonpunitive restrictions, loss of freedom of choice, and loss of privacy are inherent to pretrial confinement, the Court must conclude that the constitutionality of decisions to transport Plaintiff to Benton County Detention Center, accept him unconscious into that facility, and remove his clothing and replace it with a jump-suit are all intertwined with the constitutionality of Plaintiff's arrest, and so are intertwined with the pending criminal case. *Younger* abstention doctrine is appropriately applied to this claim as well.

Accordingly, the report and recommendation is ADOPTED IN PART.

IT IS THEREFORE ORDERED that Defendants' motion to stay (Doc. 20) is GRANTED and this case is STAYED and ADMINISTRATIVELY CLOSED pending resolution of the state court criminal proceedings against Plaintiff.  Plaintiff may move to reopen this case and continue with his claims upon final resolution of the state court criminal proceedings.

IT IS SO ORDERED this 17th day of May, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE